<u>JOINT CASE MANAGEMENT STATEMENT AND PROPOSED ORDER</u>

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P.,<br><br>Plaintiff(s),<br><br>v.<br><br>DONALD K. EMERY,<br><br>Defendant(s). | NO.     C 07-03741 VRW<br><u>Related Cases:</u><br>C 07-03732, C 07-03733, C 07-03735,<br>C 07-03736, C 07-03737, C 07-03738,<br>C 07-03739, C 07-03740<br><br>**UPDATED CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** |

**Plaintiff to the above-entitled action submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.**

**DESCRIPTION OF THE CASE**

1.      **A brief description of the events underlying the action:**

On April 1, 1999, PROSPERO VENTURES, L.P. ("PROSPERO") and DONALD K. EMERY ("EMERY") entered into a written Partnership Agreement which was modified on or about September 10, 1999.  Pursuant to the Agreement, EMERY agreed to contribute $1,871,287.13 to the capital of the Partnership.  EMERY subsequently made a payment of $935,644.

On or about November 10, 2004, PLAINTIFF notified DEFENDANT that PROSPERO had been ordered into receivership, that the SBA had been appointed Receiver of PROSPERO, and that the Receiver had taken over the control of the assets and operations of PROSPERO.  On or about May 9, 2005, PLAINTIFF demanded payment in the amount of $935,644 by June 17, 2005.  EMERY did not make any payment in response to the demand.

PLAINTIFF contends that EMERY has breached the Partnership Agreement by failing to pay the second half of the capital commitment; therefore, EMERY is indebted to PLAINTIFF in the sum of $935,644, plus interest.  EMERY denies that he is indebted to the PLAINTIFF and denies that his conduct constitutes a breach of the Partnership Agreement.  EMERY raises numerous affirmative defenses.

2.      **The principal factual issues which the parties dispute:**

The principal disputed factual issues are as follows: (1) whether EMERY paid the second half of the capital commitment in the amount of $935,644, (2) whether EMERY owes PLAINTIFF $935,644, plus interest; (3) whether PLAINTIFF failed to give PROSPERO and EMERY an opportunity to cure; (4) whether PLAINTIFF acted in bad faith; (5) whether PLAINTIFF mitigated its damages; and, (6) whether PLAINTIFF took actions or made statements that were relied upon by PROSPERO and EMERY to their detriment.

3.      **The principal legal issues which the parties dispute:**

The principal legal issues are (1) whether EMERY breached the Partnership Agreement when he failed to pay $935,644 despite demand; (2) whether EMERY is indebted to PLAINTIFF in the sum of $935,6434 together with interest; (3) whether PLAINTIFF breached the Implied Covenant of Good Faith and Fair Dealing; (4) whether PLAINTIFF acted in bad faith and with unclean hands; (5) whether PLAINTIFF is estopped from enforcing the contract; (6) whether PLAINTIFF breached its fiduciary duties; (7) whether the SBA regulations are invalid; (8) whether the SBA regulations are vague, ambiguous, and unenforceable; (9) whether PLAINTIFF failed to mitigate its damages; and, (10) whether PLAINTIFF's actions are ultra vires.

4.      **The other factual issues which remain unresolved for the reason stated below and how the parties propose to resolve those issues:**

There are no other factual issues of which the parties are aware.

5.      **The parties which have not been served and the reasons:**

All parties have been served and have appeared.

6.      **The additional parties which the below-specified parties intend to join and the intended time frame for such joinder:**

None.

7.      **The following parties consent to assignment of this case to a United States Magistrate Judge for** *[court or jury]* **trial:**


## ALTERNATIVE DISPUTE RESOLUTION

8.      *[Please indicate the appropriate response(s).]*

❏      **The case was automatically assigned to Nonbinding Arbitration at filing and will be ready for the hearing by** *(date)*_____.

XX      **The parties have filed a Stipulation and Proposed Order Selecting an ADR process** (specify process): The parties participated in mediation which was not successful.

❏      **The parties filed a Notice of Need for ADR Phone Conference and the phone conference was held on or is scheduled for** _____.

❏      **The parties have not filed a Stipulation and Proposed Order Selecting an ADR process and the ADR process that the parties jointly request [or a party separately requests] is** _____.

9.      **Please indicate any other information regarding ADR process or deadline.**

**DISCLOSURES**

**10.    The parties certify that they have made the following disclosures** *[list disclosures of persons, documents, damage computations and insurance agreements]***:**

PROSPERO and EMERY provided their initial discovery disclosures.

**DISCOVERY**

**11.**    Discovery is underway.

**A.    INTERROGATORIES**

**1.    By Plaintiff:**
   a.    Interrogatories were sent to Emery on March 21, 2008 and April 15, 2008.
   b.    Responses were received from Emery on April 23, 2008.
   c.    A letter informally requesting additional information was sent to Emery on May 23, 2008.
   d.    A supplemental response to the interrogatories (which provided no substantive information) was provided to plaintiff on June 17, 2008.
   e.    A second letter requesting that the interrogatories be answered was sent to counsel on July 15, 2008.
   f.    To date, there has been no response to plaintiff's letter.

**2.    By Emery:**
   a.    Interrogatories were sent to plaintiff on July 16, 2008.
   b.    Responses to the same are therefore due on August 14, 2008.

**B.    REQUESTS FOR ADMISSIONS**

**1.    By Plaintiff:**
   a.    Requests for Admissions were sent to Emery on March 31, 2008.
   b.    Responses to the interrogatories were received from Emery on May 1, 2008.
   c.    A letter informally requesting additional information was sent to counsel on May 19, 2008.
   d.    A supplemental response to the requests for admissions (which provided no additional substantive information)  was provided to plaintiff on June 17, 2008.
   e.    A second letter requesting that the interrogatories be answered was sent to counsel on July 15, 2008.
   f.    To date, there has been no response to plaintiff's letter.

**2.    By Emery:**
   a.    No Requests for Admissions were sent to plaintiff.

**C.    REQUESTS FOR PRODUCTION OF DOCUMENTS**

**1.    By Plaintiff:**
   a.    Requests for Production of Documents were sent to Emery on April 15, 2008.
   b.    Responses to the Requests for Production of Documents  were received from Emery on May 16, 2008.

       2.      **By Emery:**
           a.     Requests for Production of Documents were sent to plaintiff on July 16, 2008.
           b.     Responses to the same are therefore due on August 14, 2008

**D.   EXPERT DISCOVERY**

      This court has ordered expert disclosure on or before November 28, 2008, and expert rebuttal on or before December 18, 2008.  Expert depositions must be completed by January 30, 2009.

**E.   DEPOSITIONS**

     1.      **By Plaintiff:**

           a.     PLAINTIFF intends to depose EMERY.  This deposition will likely take no more than two, eight hour days.

           b.     PLAINTIFF reserves the right to depose additional witnesses as may be identified through discovery.

     2.      **By EMERY:**

           a.     EMERY intends to depose the person designated as a Representative of PLAINTIFF. This deposition will likely take no more than two, eight hour days.

           b.     EMERY reserves the right to depose additional witnesses as may be identified through discovery.

     3.      **Time Estimate:**  Both parties have previously estimated that the above identified depositions can be completed by September 30, 2008.

**TRIAL SCHEDULE**

**12.   The parties previously agreed upon a trial date as follows:**

      The parties have previously estimated a three (3) day trial.  The parties have proposed a trial date of March 2, 2009.

**COLEMAN & HOROWITT, LLP**

/S/

**Dated: July 29, 2008**       **CHRISTINE J. LEVIN**
                            **Attorneys for Plaintiff,** U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P.

## CASE MANAGEMENT ORDER

The plaintiff's Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders as follows:

Dated: _____                    _____
                                            HON. VAUGHN R. WALKER
                                            UNITED STATES DISTRICT JUDGE

## PROOF OF SERVICE

I declare that I am a citizen of the United States of America and a resident of the County of Fresno.  I am over the age of eighteen (18) years and not a party to the within action.  My business address is 499 West Shaw, Suite 116, Fresno, California 93704.

On July 29, 2008, I served the foregoing document(s) described as **UPDATED CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED ORDER** on the interested parties, addressed as stated on the attached service list.

[x]    BY MAIL - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope with postage thereon fully prepaid in the firm's outgoing mail.  I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing.  It is deposited with United States Postal Service on that same day in the ordinary course of business.

[x]    BY CALIFORNIA OVERNIGHT - by placing [x] a true and correct copy [] the original thereof enclosed in a sealed envelope for delivery via California Overnight next day delivery to the addressee noted above.

[]    BY HAND DELIVERY - by delivering by hand and leaving a true copy with the person and at the address shown above.

[]    BY FACSIMILE TRANSMISSION - by causing a true facsimile thereof to be electronically transmitted to the parties, by using their facsimile number indicated on the attached service list.

[]    STATE:  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[x]    FEDERAL:  I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on July 29, 2008, at Fresno, California.

_____/s/_____
Lisa R. Barr

**<u>Service List</u>**

**Via Mail and Electronic Mail:**

Bruce A. Singal, Esq.
Donoghue Barrett & Singal, P.C.
One Beacon Street, Suite 1320
Boston, MA 02108-3113
E-Mail:  bsingal@dbslawfirm.com

Attorneys for Defendants,
Donald Emery

**Via California Overnight:**

**<u>Chambers Copies</u>**

Hon. Vaughn R. Walker
U.S. District Court, Northern District
450 Golden Gate Avenue
17th Floor, Court Room 6
San Francisco, CA 94102

F:\CLIENTS\1875-USSBAProspero\01Prospero\Pldg\EmeryDonald\UPDATED CASE MANAGEMENT STATEMENT AND PROPOSED.hearing8.7.2008.wpd
7/29/08 ~ 10:26 am