JOHN O'CONNOR
O'Connor & Associates
One Embarcadero Center, Suite 1020
San Francisco, CA 94111
Telephone: 415-693-9960
Facsimile: 415-981-0222

BRUCE A. SINGAL
DAMIEN C. POWELL
Donoghue, Barrett & Singal, P.C.
One Beacon Street
Boston, MA 02108
Telephone: (617) 720-5090
Facsimile: (617) 720-5092

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for PROSPERO VENTURES, L.P, <br><br> Plaintiff, <br><br> v. <br><br> DONALD K. EMERY, <br><br> Defendant. | CASE NO. 07-03741 VRW <br><br> Related Cases: <br> C07-03739-VRW; C07-03737-VRW; <br> C07-03732-VRW; C07-03736-VRW; <br> C07-03738-VRW <br><br> **MOTION TO AMEND RESPONSE TO COMPLAINT** |

Defendant Donald K. Emery moves pursuant to Fed. R. Civ. P. 15(a) to amend his Response to Plaintiff's Complaint. More specifically, Defendant moves to amend his response to paragraph 7 of the Complaint. In support of his motion, Defendant states as follows:

Under Fed. R. Civ. Pro. 15(a)(2), a party may amend by obtaining leave of court. Subdivision (a) encourages the court to look favorably on requests to amend. The rule states that "[t]he court should freely give leave when justice so requires." Although leave to amend is left to the sound discretion of the court, this discretion "must be guided by the underlying purpose of Rule 15-to facilitate decisions on the merits rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality," Id.; DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987), and leave should be granted unless there is bad faith, unwarranted delay, or undue prejudice to the opposing party. Forman v. Davis, 371 U.S. 178, 182 (1962).

In the present case, justice requires the allowance of the Defendant's motion as the Defendant is simply moving to correct a response to a factual allegation. Since filing his Response to Complaint, Defendant has learned that his response to the factual allegations in paragraph 7 of the Plaintiff's Complaint is inaccurate.

Paragraph 7 of the Complaint states:

> On or about September 10, 1999, PROSPERO and defendant entered into an Amended & Restated Agreement of Limited Partnership for Dotcom Ventures, L.P. (formerly ASCII Ventures, L.P.) a California Limited Partnership, now known as PROSPERO (hereinafter "the Partnership Agreement"). A true and correct copy of the Partnership Agreement is attached hereto as Exhibit "A" and made a part hereof. The Partnership Agreement amended the Prior Agreement.

The Plaintiff contends that the Limited Partnership Agreement, dated September 1, 1999 (the "September 1999 Agreement"), was entered into by the General Partner of Prospero on behalf of the limited partners, including the Defendant. See Complaint, ¶8. The Plaintiff further contends that the General Partner had authority to enter into the

September 1999 Agreement on behalf of the Defendant by virtue of a power of attorney set forth in a Limited Partnership Agreement dated April 1, 1999 (the "April 1999 Agreement").

In Defendant's initial Response to the Complaint he admitted the factual allegations contained in paragraph 7. Subsequently, during the course of preparing his discovery responses, Defendant undertook a complete review of his files. Defendant realized during this process that he did not have a copy of the April 1999 Agreement. In light of this discovery, on February 13, 2008 and again on February 15, 2008, Defendant's counsel requested that the Plaintiff produce a complete copy of the April 1999 Agreement.

On May 19, 2008, Plaintiff produced an agreement dated April 1, 1999, along with a group of signature pages. Defendant has reviewed this agreement but does not recall whether this is the agreement that he entered into on April 1, 1999. His review of this agreement also does not refresh his recollection as to the specific terms of the agreement that he entered into or whether that agreement contained a power of attorney provision.

Thus, the Defendant does not know whether the General Partner signed the September 1999 Agreement pursuant to a valid power of attorney. Accordingly, Defendant cannot admit that "[o]n of about September 10, 1999, PROSPERO and defendant entered into an Amended & Restated Agreement of Limited Partnership for Dotcom Ventures, L.P." Complaint ¶7. Rather, the Defendant can only admit that on September 10, 1999, the Amended & Restated Agreement of Limited Partnership for

3

Dotcom Ventures, L.P. was signed by the General Partner of Prospero and that a true and correct to copy of September 10, 1999 Agreement is attached to the Complaint.

Finally, there is no good reason for denying the Defendant's motion because there is no bad faith or dilatory motive on the part of the Defendant. This is the Defendant's first request to amend his Response to Complaint and this amendment will in no way affect the speed of this litigation. Nor would there be any undue prejudice to the Plaintiff by virtue of the allowance of this Amendment. Plaintiff has been on notice that this is an issue for some time, and thus the allowance of the present motion will not cause any undue prejudice to the Plaintiff.

For these reasons, Defendant respectfully request that the Court allow this Motion and permit Defendant to file his First Amended Answer in the form attached as Exhibit A.

Dated: August 4, 2008                             DONOGHUE, BARRETT & SINGAL, P.C.

                                              By:     */s/ Damien C. Powell*
                                                     Damien C. Powell
                                                     Attorney for Defendant
                                                     *Appearance Pro Hac Vice*


                                                     O'CONNOR & ASSOCIATES
                                                     John O'Connor
                                                     Attorney for Defendant

**PROOF OF SERVICE**

I, Damien C. Powell, admitted *pro hac vice* in the United States District Court, Northern District of California, declare:

I am a citizen of the United States of America and a resident of the Commonwealth of Massachusetts. I am over the age of eighteen (18) years. My business address is Donoghue, Barrett & Singal, P.C., 1 Beacon Street, Boston MA 02108. The business address of John O'Connor, Esq., the local counsel to the defendant, is One Embarcadero Center, Suite 1020, San Francisco, California 94111.

On August 4, 2008, I served the foregoing document(s) described as **MOTION TO AMEND RESPONSE TO COMPLAINT** on the interested parties, at the addresses as stated below.

**Via First Class Mail:**

**Arlene P. Messinger**
US Small Business Administration
409 3rd Street, SW, 7th Floor
Washington, DC 20416
202-205-6857

**Via Electronic Mail:**

**Christine Jean Levin**
Coleman & Horowitt, LLP
499 W. Shaw Avenue
Suite 116
Fresno, CA 93704
559-248-4820
Email: clevin@ch-law.com

**Darryl J. Horowitt**
Coleman & Horowitt, LLP
Attorneys at Law
499 West Shaw Avenue
Suite 116
Fresno, CA 93704
559-248-4820
Fax: 559-248-4830
Email: dhorowitt@ch-law.com

**Via Federal Express Overnight:**

Hon. Vaughn R. Walker
U.S. District Court, Northern District
450 Golden Gate Avenue
San Francisco, CA 94102

  I declare under penalty of perjury that the foregoing is true and correct.  Executed on August 4, 2008, in Boston, Massachusetts.


                */s/ Damien C. Powell*
                Damien C. Powell